UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLEMENTE BURGOS LOPEZ,

      Petitioner,

      v.

ORESTES CRUZ, et al.,

      Respondents.

No.  1:26-cv-00514 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1).

**I.     Factual and Procedural History**

**A.  Section 2241 Petition**

Petitioner filed his § 2241 petition on January 21, 2026.  ECF No. 1.  Petitioner states that he is a citizen of Mexico who has been in immigration detention since November 11, 2025.  Id. at 8, ¶ 21.  Petitioner is currently detained at the California City Detention Facility, within this judicial district.  Id. at 6, ¶ 14; id. at 14 (Exh. 1, Detainee Locator Printout).  After petitioner was detained, ICE did not set bond, and petitioner is unable to obtain review of his custody by an Immigration Judge pursuant to the Board of Immigration Appeal's (BIA) decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025).  Id. at 8, ¶ 21.

1

The petition raises a single claim for violation of the Immigration and Nationality Act ("INA").  ECF No. 1 at 9, ¶¶ 28-33.  Petitioner argues that by asserting he is subject to mandatory detention under § 1225(b)(2), respondents are violating his statutory right to a bond hearing under § 1226(a).  Id.  Petitioner further requests relief under the INA pursuant to Maldonado Bautista v. Santacruz, No. 5:25-cv-1873 SSS BFM (C.D. Cal.) ("Maldonado Bautista"), and claims that he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a) as a member of its Bond Eligible Class.  Id. at 9, ¶ 29.  By way of relief, petitioner asks the court to issue a writ of habeas corpus requiring Respondents to release petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days.  Id. at 11.

### B.  Respondents' Answer/Return

On January 27, 2026, the undersigned issued an order directing respondents to file an answer/return to the petition.  The order specified that respondents "shall address whether petitioner is entitled to relief as a member of the certified class action in Maldonado Bautista et al., v. Santacruz, No. 5:25-CV-01873-SSS-BFM," and directed respondents to include "any and all transcripts or other documents relevant to the determination of the issues presented in the habeas application."  ECF No. 7.

Respondents filed a one-sentence answer/return, writing that "Petitioner is not entitled to relief under Maldonado Bautista v. Santacruz, No. 5:25-cv-01873 SSS BFM, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025) for the reasons provided in Ore Falcon v. Wofford, et al., 1:26-cv-181, 2026 WL 171927 (E.D. Cal. Jan. 22, 2026)."  ECF No. 8 at 1.  Respondents also attached immigration records that show the petitioner entered the United States without inspection on an unknown date, sometime around 2005.  ECF No. 8-1 at 3 (Form I-213).  On October 14, 2020, USCIS approved petitioner for his application petition for alien relative, Form I-130.  Id. at 3.  On July 26, 2024, USCIS approved petitioner for a provisional unlawful presence waiver, Form I-601A.  Id.  Petitioner also has a criminal history in the United States dating back to 2005 and came to the attention of immigration officials after his arrest by the California Highway Patrol for driving under the influence on November 11, 2025.  Id. at 3.  ICE agents arrested petitioner the next day and charged him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i).  Id. at 1-4.

2

### C. Petitioner's Reply/Traverse

On reply, petitioner argues that the court is bound by Maldonado Bautista, "at a minimum, due to the underlying claim in Maldonado Bautista that . . . 'Respondents lack statutory authority to detain petitioner without a bond hearing.'" ECF No. 9 at 3 (citing J.S. v. Wofford, No. 1:25-cv-2016 DC SCR, 2026 WL 125258, at *5 (E.D. Cal. Jan. 16, 2026)). Should the court follow Ore Falcon and find it is not bound by the judgement in Maldonado Bautista, petitioner urges the court to nonetheless find that 8 U.S.C. § 1226(a) governs the Petitioner's immigration detention and that he is eligible for a bond hearing. Id. Petitioner reiterates that the application of 8 U.S.C. § 1225(b)(2) to noncitizens like petitioner is "contrary to decades of agency practice" and has been rejected by the judges of this court on numerous occasions. Id. at 3-5.

### II.    Relevant Authorities

### A.  Maldonado Bautista

Maldonado Bautista is a class action challenge to a July 2025 DHS Policy that required ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A). Because of the new DHS Policy, the petitioners were denied bond hearings and remained in detention. Maldonado Bautista v. Santacruz, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3289861, at *1-2 (C.D. Cal. Nov. 20, 2025).

On November 20, 2025, District Judge Sykes granted the petitioners' motion for partial summary judgment and declared the DHS policy unlawful under the INA. Maldonado Bautista, 2025 WL 3289861, at *5-11. After an extensive review of the statutory language, Judge Sykes determined that the DHS policy "unacceptably collapse[s] § 1226 into nonexistence under a wide-reaching interpretation of 'applicants for admission.'" Id. at *11. On November 25, 2025, Judge Sykes certified a "Bond Eligible Class" defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Maldonado Bautista v. Santacruz, No. 5:25-cv-1873 SSS BFM, 2025 WL 3288403, at *9 (C.D.

3

Cal. Nov. 25, 2025).  Judge Sykes entered final judgment in favor of the petitioners and Bond Eligible Class on December 18, 2025.  Maldonado Bautista v. Noem, No. 5:25-cv-1873 SSS BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  The government has appealed the Maldonado Bautista judgment to the Ninth Circuit, see Maldonado Bautista v. U.S. Dep't of Homeland Security, et al., Case No. 25-7958, but neither the district court nor the Ninth Circuit has issued a stay of the district court's judgment.

### B.  Ore Falcon v. Wofford

Respondents' argument consists of a citation to Ore Falcon v. Wofford, et al., 1:26-cv-181, 2026 WL 171927 (E.D. Cal. Jan. 22, 2026) ("Ore Falcon").  There, a federal immigration detainee filed a motion for temporary restraining order ("TRO") seeking relief on the sole ground that he was a member of the nationwide, declaratory relief class in Maldonado Bautista.  2025 WL 3713982, at *1.  District Judge Shubb denied the TRO, finding first that the Maldonado Bautista court lacked jurisdiction to grant petitioner's requested habeas relief because the petitioner was detained within the Eastern District of California, not the Central District.  See Ore Falcon, 2026 WL 171927, at *2 (citing, inter alia, Calderon Lopez v. Lyons, No. 1:25-cv-226-H, 2025 WL 3683918, at *13 (N.D. Tex. Dec. 19, 2025)).  Judge Shubb also determined the nation-wide declaratory relief issued in Maldonado Bautista was "tantamount to a universal injunction" that "'likely exceed[s] the equitable authority that Congress has granted to the federal courts.'" Id. at *2 (citing E.D. Cal. Jan. 22, 2026) (citing Trump v. CASA, 606 U.S. 831, 837 (2025)).

### III.   Discussion

#### A.  Applicable Detention Statute

The statutory and regulatory framework governing immigration detention can charitably be described as complex.  "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

Petitioner maintains that he is subject to discretionary detention under 8 U.S.C. § 1226(a), as "[t]hat statute expressly applies to people who, like Petitioner, entered the United States

without inspection."  ECF No. 1 at 3, ¶¶ 4-5; see also id. at 10, ¶¶ 29-33; ECF No. 9 at 5. Respondents did not address the applicable detention statute in their answer/return.  Their reference to Ore Falcon is not a substitute for argument on this point because the court there made no finding as to the federal statutory basis for the petitioner's detention.  See Ore Falcon, 2026 WL 171927, at *1 ("[T]he sole issue this court must now address is whether petitioner is entitled to have this court enforce the relief ordered in [Maldonado Bautista]").

It is undisputed that petitioner entered the United States without inspection around 2005 and has resided in the country since.  See ECF No. 8-1 at 3.  "Numerous district courts have held that § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE."  Gutierrez v. Chesnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); see also Singh v. Bondi, et al., No. 1:26-cv-0490 DAD DMC, 2026 WL 221373, at *2 (E.D. Cal. Jan. 28, 2026) ("[B]ecause petitioner resided in the United States from 2013 to December 11, 2025 when he was re-detained, respondents' assertion that petitioner is subject to mandatory detention under § 1225(b)(2) is unsupported.").  The undersigned finds these authorities persuasive and similarly concludes that petitioner is currently subject to discretionary detention under 8 U.S.C. § 1226(a).

The undersigned recognizes that a divided panel of the Fifth Circuit Court of Appeals recently held that individuals like petitioner who have never been formally admitted into the United States and are arrested in the interior of the country are properly subject to detention under § 1225(b)(2).  See Buenrostro-Mendez v. Bondi, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  However, the undersigned does not find the majority's statutory analysis persuasive, instead finding persuasive the statutory analysis of the dissenting judge in Buenrostro-Mendez. The dissent's analysis largely tracks the analysis in the majority of cases decided in this court, see, e.g., Gutierrez, 2025 WL 3514495, at *4, and the analysis adopted by a divided motions panel of the Seventh Circuit Court of Appeals, see Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)").

5

The undersigned will not adopt the Fifth Circuit's reading of the statutory scheme in Buenrostro-Mendez.

Having determined that petitioner is subject to the discretionary detention scheme in § 1226(a), the undersigned proceeds to address petitioner's substantive claim.

### B. Violation of the INA

Petitioner asserts a single for claim for "Violation of the INA." ECF No. 1 at 9. While petitioner also frames this claim as "relief pursuant to Maldonado Bautista," id., when reduced to its simplest form, this is simply a claim that respondents lack statutory authority to detain petitioner without a bond hearing. This is evident from the petition itself. See, e.g., id. at 10, ¶ 33 ("By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA *and* the Court's judgment in Maldonado Bautista.") (emphasis added).

As discussed above, the undersigned finds that petitioner is currently detained pursuant to 8 U.S.C. § 1226(a). Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings. After arresting a noncitizen, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2). If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, Respondents are violating the INA, as codified at 8 U.S.C. § 1226(a), by detaining petitioner without a bond hearing. Habeas relief is warranted on this ground alone.

Because petitioner is entitled to habeas relief on her statutory claim, the undersigned need not determine whether she is also entitled to relief as a member of the Maldonado Bautista "Bond Eligible Class."[1] Nor does the undersigned need to reconcile respondents' Ore Falcon argument,

---

[1] While the undersigned does not reach the question here, judges in this judicial district have granted habeas relief pursuant to the final judgment in Maldonado Bautista. See, e.g., Rangel v. Noem, No. 1:26-cv-0084 DAD CSK, 2026 WL 73996, at *2 (E.D. Cal. Jan. 9, 2026) (finding petitioner is likely to succeed on merits based on undisputed membership in Maldonado Bautista "Bond Eligible Class" and granting TRO); Singh v. Bondi, et al., No. 1:26-cv-0789 DAD CKD, 2026 WL 320449, at *1 (E.D. Cal. Feb. 6, 2026) (granting petitioner's motion for preliminary

6

as the court there solely addressed whether the petitioner was entitled to relief as a Maldonado Bautista class member and made no findings regarding the federal statutory authority for the petitioner's detention or whether that detention violated the INA.  Accordingly, because petitioner's detention violates the INA, the undersigned recommends that petitioner's § 2241 petition be granted.

### C. Relief

The undersigned must next determine the scope of habeas relief.  Again, petitioner requests the court issue a writ of habeas corpus requiring Respondents to release petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days.  Id. at 11.  Considering § 1226(a)'s discretionary detention framework, as well as the absence of any prior release on bond pursuant to § 1226(a), the undersigned finds that an order directing respondents to provide a bond hearing within seven days is an appropriate remedy.  See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) (explaining that "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]").

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner's application for a writ of habeas corpus (ECF No.1) be GRANTED.

2.    Respondents be ordered to provide the Petitioner a bond hearing before an Immigration Judge within seven days of the adoption of the findings and recommendations.

3.    Respondent be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing

4.    If granted bond, at the time of release, Respondents be ordered to return all of Petitioner's documents and possessions.

5.    Judgement be entered in Petitioner's favor and this case closed.

---

injunction and discussing collateral estoppel effect of Maldonado Bautista final judgment even pending the government's appeal).

7

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 12, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE